**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

ANTONIO LEE O'BANNON                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:26-CV-60-JHM

DR. ALLEN, *et al.*                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antonio Lee O'Bannon, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action.

The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore*

*v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  For the following reasons, Plaintiff's claim for monetary damages will be

allowed to proceed.

**I.  SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was previously housed at the Kentucky Correctional Psychiatric Center (KCPC).[1]

He sues Dr. Allen, Dr. Adams, and Kasey Metts, a Nurse Practitioner at KCPC, in their individual

capacities.  The complaint alleges retaliation stemming from Plaintiff's history of filing civil

lawsuits against the medical providers at KCPC.[2,3]

Specifically, Plaintiff alleges that on January 7, 2026, Dr. Allen attempted to force him to

be evaluated and threatened to lock him down "again" if he did not.  He also alleges that on

December 30, 2025, Nurse Practitioner Metts informed him that Dr. Allen asked her to have

---

[1] Based upon filings made in other actions brought by Plaintiff in this Court, it appears that Plaintiff was involuntarily committed to KCPC under Ky. Rev. Stat. § 202C.  *See*, *e.g.*, *O'Bannon v. Dr. Allen,* No. 3:22-CV-628-JHM (DN 11); *O'Bannon v. K.C.P.C. et al.*, No. 3:24-CV-573-JHM (DN 5).

[2] In a prior lawsuit, Plaintiff alleged that Defendant Allen forced medical treatment upon him at KCPC in violation of the Due Process Clause of the Fourteenth Amendment.  That action was dismissed for failure to state a claim. *O'Bannon v. Dr. Allen,* No. 3:22-CV-628-JHM (DNs 35, 36).

[3] Plaintiff's allegations are discursive and at times difficult to decipher, so the Court provides its best interpretation of his claims.

Plaintiff sign a paper stating that he will "drop the lawsuit on Dr. Lesch and Dorman and Wheat."[4] Plaintiff further alleges that Nurse Practitioner Metts stated that if he did not, she and Dr. Allen would "make" him do so by locking him down.  She also allegedly told him that she and Dr. Allen were his medical providers and that there was nothing he could do about that.

Plaintiff also asserts that on December 30, 2025, "Captain Clark," who is not a named party to this action, informed him that she had spoken to Dr. Adams about Plaintiff's treatment and was told that Dr. Adams "recommended the doctors and treatments and retaliations because he is the head doctor over my case" and that "Dr. Adams is one of the doctors that make my order [sic] for my treatment."

As relief, Plaintiff seeks monetary damages and injunctive relief "to stop retaliations."

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[4] The Court presumes that Plaintiff refers to the pending action *O'Bannon v. Wheat*, No. 3:25-CV-322-JHM.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  First Amendment Retaliation

Plaintiff claims that Defendants Allen and Metts retaliated against him by threatening to "lock [him] down" if he did not agree to drop his pending lawsuit against other KCPC medical providers and that Defendant Adams ordered or authorized Allen and Metts to do so.

"Even though a prisoner has no inherent constitutional right to avoid segregated housing . . . , the [State] may not place the prisoner in segregated housing . . . as a means of retaliating against him for exercising his First Amendment rights."  *Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010); *see also Kratochvil v. Strata*, No. 3:24-CV-01042, 2024 WL 4895713, at *3 (M.D. Tenn. Nov. 26, 2024).  To state a retaliation claim, Plaintiff must show that: (1) he engaged

in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by Plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam)).

Reading the complaint liberally as the Court is required to do, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), it finds that Plaintiff has stated a claim for retaliation under the First Amendment against Defendants Allen and Metts. *See Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."). The Court will therefore allow Plaintiff's First Amendment claim for retaliation to proceed against Defendants Allen and Metts in their individual capacities.

As to Defendant Adams, Plaintiff appears to allege that he is liable as the "head doctor" responsible for ordering Plaintiff's treatment at KCPC and overseeing Defendants Allen and Metts.

It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (liability cannot be based on a theory of respondeat superior); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.").

Upon review, the Court finds that Plaintiff has stated a claim for retaliation under the First Amendment against Defendant Adams under a theory of supervisory liability. <u>Accordingly, the Court will also allow Plaintiff's First Amendment claim for retaliation to proceed against Defendant Adams in his individual capacity.</u>

### B. Injunctive Relief

As a final matter, Plaintiff requests as relief to "stop retaliations." The request for injunctive relief is now moot, as the docket reflects that Plaintiff has been transferred out of KCPC. (DN 7). *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Accordingly, Plaintiff's claim for injunctive relief will be dismissed.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim for injunctive relief is **DISMISSED** as moot.

Plaintiff's individual capacity claim against all Defendants for monetary damages for alleged violations of his First Amendment rights will be allowed to proceed. In permitting this claim to continue, the Court expresses no opinion on its ultimate merit.

The Court will enter a separate Service and Scheduling Order to govern the continuing claim.

Date:    June 29, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015

5